*1056 OPINION.
Lansdon:
The petitioner alleges that the Commissioner erred (1) in adopting the value.of the property as carried on its books at March 1, 1913, as the true market value, which value it alleges was substantially greater at that date, and (2) in the addition of depreciation sustained on the building between March 1, 1913, and the date of sale to the profit actually realized from such sale, which profit it contends must be measured by the difference between the fair market value at March 1, 1913, and the net sales price.
To establish its contention that the market value on March 1, 1913, was higher than that reflected in its books, the petitioner introduced five reputable witnesses, all of whom testified to familiarity with the value of real estate in the neighborhood of the land in question, both at March 1, 1913, and at the date of sale. All agree that such land having a frontage of 100 feet, exclusive of the building, had a value of at least $60,000 at March 1, 1913. It is also in evidence that a corner lot located only 75 feet from the land here in controversy was sold in 1912 or 1913 for $1,400 per front foot and that inside property, such as that of the petitioner, is worth about one-half as much as corner locations. The Commissioner introduced no rebutting testimony, and relies entirely on a value of $65,000, at which the petitioner carried the property on its books at March 1, 1913.
The uncontradicted evidence offered by the petitioner convinces us that the value of the property in question at March 1, 1913, was $80,000, of which the amount of $23,088.90 should be allocated to the building, and is subject to depreciation from March 1, 1913, until the date of sale at an annual rate of 5 per cent, for the purpose of computing the gain realized from the transaction. We have already decided the second issue adversely to the contention of the petitioner. Appeal of Even Realty Co., 1 B. T. A. 355.
Order of redetermination will loe entered oñ W days' notice, wider Rule 50.